IN THE OREGON TAX COURT
REGULAR DIVISION

Donna M. SMITH
and Randall W. Smith,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4710 & TC 4715)

Donna M. Smith and Randall W. Smith, Plaintiffs (taxpayers) appeared *pro se*.

Rochelle A. Nedeau, Senior Assistant Attorney General, Department of Justice, Salem, appeared for Defendant (the department).

Decision rendered July 6, 2005.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss filed by Defendant Department of Revenue (the department) and on various motions filed by and papers submitted by Plaintiffs (taxpayers, or taxpayer when referred to individually).[1]

## II. FACTS

Taxpayers are a married couple residing in Oregon. For the years at issue in this appeal, taxpayers did not file personal income tax returns with the state even though they each had Oregon taxable income. On September 23, 2003, acting according to its statutory authority, the department issued Notices of Determination and Assessment (NODAs) individually to each taxpayer for the 1996 through 2000 personal income tax years. In those NODAs the department identified the amount of taxes, penalties, and interest due as of that date. Taxpayers appealed those NODAs to the Magistrate Division. The magistrate dismissed taxpayers' appeal. Taxpayers appealed that decision to this division.

In their Regular Division Complaint, taxpayers have implicated their 1996 through 2000 personal income tax years and, apparently for the first time, their 2002 personal

---

[1] Taxpayers filed a joint complaint under case number TC 4710. At the first case management conference the court ordered that taxpayers proceed individually, at least initially, under separate case numbers because they had not filed joint personal income tax returns as of that time. As a result, Donna Smith retained case number TC 4710 and Randall Smith was assigned case number TC 4715. The parties have continued to file their submissions under a case caption of the form used above. Although the court adopts a similar case caption as that used by the parties, this Order is intended to apply to each case, with its single and independent Plaintiff, separately.

income tax year. Taxpayers assert that the magistrate's decision was in error for three reasons: (1) the decision was based on partial information; (2) the magistrate did not address their recusal request; and (3) the decision did not reflect some assertedly conflicting work taxpayers were engaged in with the Internal Revenue Service (IRS). Taxpayers went on to request a judgment declaring that they "can receive assistance consistent with disability and a systematic program *to become current* * * *." (Emphasis added.) Taxpayers also filed a Motion for Stay of Payment of Income Tax and Affidavits of Undue Hardship.

At the first Case Management Conference (CMC), the court denied taxpayers' Motion for Stay of Payment of Income Tax and ordered taxpayers to pay the total amount of taxes, interest, and penalties then due individually to the department. On May 17, 2005, the department informed the court that taxpayers had made those payments. On the same day the department filed the motion to dismiss underlying this Order asserting that taxpayers' Complaint was moot because taxpayers had become "current" by making those payments.

In the period between the first CMC and May 17, 2005, taxpayers filed two additional motions. The first motion requested information related to the payments that they had made to the department. The department responded to that motion with an accounting. The second motion requested the court to include the 2003 personal income tax year for resolution with the other tax years alleged in the Complaint. Although it initially did not object to the inclusion of taxpayers' 2003 personal income tax year if taxpayers first paid the amount of taxes, penalties, and interest in dispute, the department later opposed the inclusion on the grounds that taxpayers had not pursued statutory remedies by filing a complaint in the Magistrate Division and had not paid the requisite taxes, penalties, and interest nor had they alleged undue hardship.

On May 19, 2005, a second CMC was held. At that CMC the court discussed the various pending motions and papers submitted by the parties. The department reiterated

its position that this matter was now moot because taxpayers' payments provided them the resolution that they requested in the Complaint. In response taxpayers appeared to indicate for the first time that their ongoing negotiations with the IRS could have some crossover effect on their Oregon tax liability. That assertion had not been expressed in any of taxpayers' submissions to that date. Taxpayers also spoke of the disabilities that they had and made a general plea for assistance from the court and for an order of abeyance to allow taxpayers to resolve their issues with the IRS. In response the court suggested that taxpayers seek professional assistance while the court determined whether it would permit a limited abeyance or whether it would rule on the pending motions.

On June 2, 2005, taxpayers submitted a First Amended Complaint *in propria persona*. The department opposed the filing of that document for both procedural and substantive reasons. In particular, the department opposed taxpayers filing an amended complaint in the face of the department's pending motion to dismiss.[2] Taxpayers later filed responsive pleadings including a general "Objection to the Defendant's Multiple Demand and Objections and Reply." This matter is now before the court on all of these filings and other submissions.

### III.  ISSUES

A.  Should the court accept taxpayers' First Amended Complaint?

B.  Should the court dismiss taxpayers' Complaint?

C.  Should the court rule on or address the other submissions filed in this case?

### IV.  ANALYSIS

Although the parties have presented the court with numerous filings and submissions, the court will address

---

[2] As is discussed below, the court will not permit the filing of this particular First Amended Complaint; therefore, the court need not address the department's substantive arguments as to that document.

those items in an order that will resolve this matter in the most efficient manner possible. That analysis follows.

## A. *Taxpayers' First Amended Complaint*

In order to determine which target the court and the parties are to attempt to hit amidst the hail of papers submitted in this case, the court must first determine which Complaint is properly before the court and controlling in this matter. As noted above, on June 2, 2005, the court received from taxpayers a document entitled "First Amended Complaint." The department objects to the filing of this document because it comes while a motion to dismiss is pending in this case.

■ Pursuant to Tax Court Rule (TCR) 23 A, after a responsive pleading has been served, "a party may amend the pleading only by leave of court or by written consent of the adverse party." Here taxpayers have satisfied neither option. First, taxpayers have not filed a motion for leave to file an amended complaint; rather, they mailed to the court a document purporting to be an amended complaint.[3] Second, the department has not provided written consent. Indeed, the department has filed a written objection. Based on this record, therefore, the court refuses to permit taxpayers to file their document entitled "First Amended Complaint." As a result, taxpayers' initial Complaint controls the determination of this matter.

## B. *The Department's Motion to Dismiss*

Having determined that taxpayers' initial Complaint is the controlling complaint in this matter, the court next addresses the department's motion to dismiss that pleading. The department asserts that taxpayers' Complaint is moot now that taxpayers have paid the amount of taxes, penalties, and interest related to the personal income tax years listed in the Complaint. Having made the payment, the department argues, taxpayers are now current.[4] Taxpayers have not directly addressed the department's argument.

---

[3] Taxpayers referenced their First Amended Complaint in the responsive pleading to the department's motion to dismiss. In that pleading, however, taxpayers did not request leave to file the amended complaint.

[4] Lost in the volley of submissions in this matter is the fact that taxpayers' Complaint seeks to appeal the 2002 personal income tax year, a year that was not

■     Based on all of the submissions it has received and the conversations that have occurred in the CMCs, the court understands taxpayers' position to be that the outcome of their dealings with the IRS with respect to the personal income tax years at issue in this matter may have some effect on the calculation of taxpayers' personal income tax liability. Unfortunately for taxpayers, they have not articulated in their Complaint how those dealings might affect their personal income tax liability for the years at issue. In addition, the present proceeding relates to the NODAs issued by the department and not to some hypothetical calculation of tax liability by the IRS or any other entity. In that regard the court agrees with the department's argument. In their Complaint taxpayers have requested that the court assist them "to become current."[5] Taxpayers' payments to the department have made them current. Further the relief requested is not of the type the court is authorized to order. In this case, the court exists to determine whether or not the NODA correctly states taxpayers' tax liability. But the court may do so only in response to positions taken by the parties as to the correct tax liability. As a result, the court must dismiss taxpayers' Complaint for a failure to state a claim. TCR 21 A(8).

Now is the time for taxpayers to express their position in amended complaints.[6] The court concludes, therefore, that each taxpayer is permitted one opportunity in which to file an amended complaint. In that amended complaint each taxpayer must assert how his or her personal income tax liability should be different from the amount indicated on each of the NODAs for the years at issue. Those assertions must be express and particular as to income, gain, loss, deduction,

addressed in the magistrate's decision. The department has not addressed that issue and is apparently of the position that taxpayers' payments satisfy whatever taxes, penalties, and interest taxpayers owe in respect of that personal income tax year. In any event, taxpayers may not appeal any personal income tax year directly to this division that they have not first appealed to the Magistrate Division. Should taxpayers file an amended complaint, they may not include the 2002 personal income tax year in that complaint.

[5] Taxpayers also requested "assistance consistent with disability and * * * a full hearing." Although the court is unsure what taxpayers mean by "assistance consistent with disability," the court is satisfied that assistance was requested in order to achieve the operative goal of becoming current.

[6] Taxpayers should not defer statement of their position pending the outcome of IRS proceedings. They should state here the position that they take.

and credit. Each taxpayer must make that filing on or before August 31, 2005. Moreover, that filing must be made separately by each taxpayer under a proper caption. Otherwise the department is ordered to file the appropriate form of judgment dismissing this action.

C. *Other Submissions*

■        As discussed above, taxpayers have filed a number of other submissions. Having dismissed taxpayers' Complaint, the court concludes that those other submissions are now irrelevant. To the extent that those submissions were in the form of a motion, those submissions are denied as moot. This order, therefore, clears the slate.

## V.   CONCLUSION

Based on the foregoing reasons, the court concludes that taxpayers' initial Complaint is the proper complaint before the court and that that complaint must be dismissed for failure to state a claim. The court also concludes that taxpayers' other submissions are moot. Now, therefore,

IT IS ORDERED that Defendant Department of Revenue's Motion to Dismiss is granted;

IT IS FURTHER ORDERED that Plaintiffs' Motion on Distributions is denied as moot;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Inclusion of Tax Year 2003 is denied as moot; and

IT IS FURTHER ORDERED that Plaintiffs are each permitted one opportunity to file an amended complaint that comports with the requirements of this Order; otherwise, the department is ordered to submit the appropriate form of judgment of dismissal in accordance with this Order.

Costs to the department.